## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**SHELLEY E. KEELING**                                                                                   **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 5:11CV-202-R**

**VA HOSPITAL MARION ILL.** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Shelley E. Keeling filed a *pro se* complaint. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Upon review of the complaint, the Court finds that it lacks subject-matter jurisdiction over this case and will dismiss the action by separate Order.

### I.

Plaintiff filed his complaint on a general-complaint form against the VA Hospital Marion Ill. and the Dept. of Veteran Affairs. As grounds for filing this action in federal court, he asserts: "Defendant failed to abide by Article 14 of the Constitution by not giving Plaintiff due process."

As the statement of claim, Plaintiff states that he was denied VA benefits for unemployability based on an examination he underwent at the VA Hospital Marion Ill. There, an examiner opined that Plaintiff's "back condition doesn't make him unemployable" and "doesn't preclude him from obtaining and holding a gainful employment based on his work experience as a painter." To the complaint, Plaintiff attaches a decision of the Department of Veterans Affairs denying him VA benefits based at least in part on the examination conducted at the VA Hospital Marion Ill. Plaintiff states that he was advised of the right to appeal.

Plaintiff reports that the VA also informed him that since he was not eligible for benefits, he was overpaid and would have to repay the monies to the VA. He reports that again he was advised of the right to appeal. More specifically, Plaintiff advises that in a letter dated November 7, 2011, he was informed of the repayment amount of $28,070.00 and was informed of his options (pay in full, make payment arrangements, or seek a waiver). He continues that the "VA Dept" stated that withholdings would begin February 2012 but that on December 1, 2011, the "VA Administration began withholding 772.00 from Plaintiff's check." In withholding the money, claims Plaintiff, the VA ignored the fact that he had filed a timely waiver request, that the VA's own letter stated that he had the right to appeal, and that the VA stated that withholdings would not begin until February 2012. According to Plaintiff,

> [T]he doors were clearly open for this Complaint when Defendants clearly Acted as Judge and Jury violating Plaintiff's rights to due process[.] Plaintiff further states for the Record Defendants Actions resulted in a sentence of Capital Punishment for the Plaintiff and his family cutting off their Bread, and Butter, and creating undue Hardship. Plaintiff would also Like this Honorable Court to be made aware of the Fact Plaintiff had filed many complaints against both defendants before action was Taken against him, and feels he should have been protected against reteliation under any Federal law that may be available.

As relief, Plaintiff requests money that he "should have been recieving from the time he should have been declared service connected and unemployable to the present date" and punitive damages.

## II.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G.*

2

*Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006).  Federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)); *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) ("[S]ubject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction.").  The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff challenges the denial of VA benefits and the recoupment of the overpayment of benefits, alleging a violation of due process and retaliation.  "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, *including decisions of constitutional issues*."  *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) (emphasis added); *Velayo v. V.A. Domiciliary Aftercare Program*, 36 F. App'x 403, 404 (10th Cir. 2002) ("Even though Mr. Velayo has alleged a First Amendment retaliation claim in his complaint, it is well established that we do not have jurisdiction pursuant to [38 U.S.C.] § 511(a) over a decision which affects benefits, even if a constitutional right has been violated."); *Sugrue v. Derwinski*, 26 F.3d 8, 10-11 (2d Cir. 1994) ("[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.").

This does not mean that Plaintiff is without an avenue of relief. Congress enacted the Veterans Judicial Review Act of 1988 ("VJRA") (codified in various sections of 38 U.S.C.), "and established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon*, 125 F.3d at 967.

> The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the [Board of Veterans Appeals] BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA") [now called the Court of Appeals for Veterans Claims], an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a).[1] The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

*Beamon*, 125 F.3d at 967; *Henderson ex rel. Henderson v. Shinseki*, -- U.S. --, 131 S. Ct. 1197, 1201 (2011) ("Review of Veterans Court decisions on certain issues of law is available in the United States Court of Appeals for the Federal Circuit. § 7292. Federal Circuit decisions may in turn be reviewed by [the U.S. Supreme] Court by writ of certiorari.").

Because Plaintiff is challenging decisions made by the Department of Veterans Affairs related to benefits claims and because the VJRA provides an exclusive framework for the adjudication of such claims, this Court lacks subject-matter jurisdiction over this action.

---

[1]The 1998 Amendments to Title 38, Pub. L. 105-368, Title V, § 512(a)(1), substituted "Court of Appeals for Veterans Claims" for "Court of Veterans Appeals."

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
Defendants
4413.005